# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
Assigned on Briefs April 14, 2015

## STATE OF TENNESSEE v. DAVID LEWIS

**Appeal from the Criminal Court for Shelby County**
No. W14-00214 Paula Skahan, Judge

---

**No. W2014-02549-CCA-R3-CD - Filed August 7, 2015**

---

The defendant, David Lewis, entered pleas of guilty to two counts of aggravated assault and one count of possession of a handgun while intoxicated. He was sentenced to concurrent sentences of four years at 30% for the first count of aggravated assault, three years and six months at 30% for the second count, and eleven months and twenty-nine days for possession of a handgun while intoxicated. The trial court denied his request for judicial diversion or a suspension of his sentences, and his sole issue on appeal is that the court erred in these determinations. Having carefully reviewed the record, we affirm the judgments of the trial court but remand for entry of a corrected judgment in Count 3 to reflect the defendant's conviction offense as possession of a handgun while intoxicated.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed amd Remanded for Entry of Corrected Judgment**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and NORMA MCGEE OGLE, JJ., joined.

Sharon Fortner, Memphis, Tennessee, for the Appellant, David Lewis.

Herbert H. Slatery III, Attorney General and Reporter; Jeffrey D. Zentner, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Pam Stark, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

## FACTS

Witnesses at the sentencing hearing were the defendant and the arresting officer, Christopher Gibson, of the Memphis Police Department.

The defendant testified that he was currently unemployed, lived with his father, grandmother, wife, and nine-year-old son and had not completed high school. Previously, he had been convicted of reckless driving, for which he received a probated sentence.

He said that he had a pistol in his car at the time of his arrest for protection and that he had a permit to carry a firearm. He had his firearms removed from his home, and his brother will keep them upon his return to Memphis. He said he pled guilty because of his wife's heart condition and because it would be "devastating to them" if he were to be jailed. He was attending classes at CAAP, a program similar to Alcoholics Anonymous, where he was being taught to keep his "mind off of alcohol and drugs and how to cope with wanting to do them."

The defendant further testified that, at the time of his previous arrest, he had been employed as a licensed armed security officer and had been on his way home when he was arrested. Regarding his arrest for the most recent charges, the defendant said he had been driving around, planning to meet a friend, when he noticed a car "coming down the road at a high rate of speed." So, he pulled into a driveway and saw a woman standing in it, motioning to him to come forward, which he did. He removed his pistol from his waistband, placed it on the passenger seat, got out of the car, and walked toward the woman with his car key, attached to a knife he used at work, in his hand. The woman then "freaked out and started screaming." A man with a large knife emerged from the house and ordered the defendant to lie down on the ground, which he did. The defendant said that he still had his key and knife in his hand when the officer approached him, but he denied that he slashed at the officer. The defendant said he had purchased the bag of urine found in his car to use to pass a drug test at his place of employment.

Officer Christopher Gibson testified that the night of the defendant's arrest, he had received an armed party call to the location where the defendant was being held. Upon arriving at the scene, he saw the defendant's vehicle parked immediately behind the vehicles in the garage. He approached the defendant and told him the officers were going to take him into custody. The defendant had a dagger in his left hand and made a jabbing motion "to come back towards [the officer's] left leg." Officer Gibson pinned the defendant's left hand with his foot and took him into custody. The defendant's speech was slurred, and he said he had come to his boss's house to get a job, but he "didn't know who his boss was," or the address. Officer Gibson did verify that the defendant's boss lived "one to three miles away."

Officer Gibson searched the defendant's car and saw on the passenger seat an FN 5.7 pistol "mainly designed to go through body armor."

2

## ANALYSIS

The single issue raised by the defendant on appeal is that the trial court should have granted judicial diversion or, in the alternative, a suspended sentence, and in denying both of these, the court "gave insufficient weight to the relevant factors." The State responds that the court properly sentenced the defendant.

In State v. Bise, 380 S.W.3d 682 (Tenn. 2012), the Tennessee Supreme Court reviewed changes in sentencing law and the impact on appellate review of sentencing decisions. The Tennessee Supreme Court announced that "sentences imposed by the trial court within the appropriate statutory range are to be reviewed under an abuse of discretion standard with a 'presumption of reasonableness.'" Id. at 708. This standard of review extends to alternative sentences as well. State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012) ("[T]he abuse of discretion standard, accompanied by a presumption of reasonableness, applies to within-range sentences that reflect a decision based upon the purposes and principles of sentencing, including the questions related to probation or any other alternative sentence."). A finding of abuse of discretion "'reflects that the trial court's logic and reasoning was improper when viewed in light of the factual circumstances and relevant legal principles involved in a particular case.'" State v. Shaffer, 45 S.W.3d 553, 555 (Tenn. 2001) (quoting State v. Moore, 6 S.W.3d 235, 242 (Tenn. 1999)). To find an abuse of discretion, the record must be void of any substantial evidence that would support the trial court's decision. Id. at 554-55; State v. Grear, 568 S.W.2d 285, 286 (Tenn. 1978); State v. Delp, 614 S.W.2d 395, 398 (Tenn. Crim. App. 1980). The reviewing court should uphold the sentence "so long as it is within the appropriate range and the record demonstrates that the sentence is otherwise in compliance with the purposes and principles listed by statute." Bise, 380 S.W.3d at 709-10. So long as the trial court imposes a sentence within the appropriate range and properly applies the purposes and principles of the Sentencing Act, its decision will be granted a presumption of reasonableness. Id. at 707.

The trial court provided an extensive explanation why the defendant would not be granted judicial diversion:

> As far as looking at the considerations for [j]udicial [d]iversion, his amenability to correction, we have someone still in [his] 20s, Mr. Lewis, who according to his own testimony has been drinking since he was 12 years old, drinking alcohol to excess so much that he has the D[Ts] when . . . he's not able to have access to alcohol. Has been smoking marijuana and apparently has also been abusing morphine at least before he was 21 or up to the time he was 21 years old.

3

The circumstances of the offense I think are frightening. . . . He does have a criminal record. He has previously been placed on probation for a reckless driving. His social history is . . . he does have some work history definitely. But he also has that prior history of serious alcohol abuse and drug abuse. . . .

. . . .

As set out in the Presentence Report, we do have some issues with I believe it was nerve damage in the lower feet and legs. Some problems with hips and lower back I believe. [The defendant] testified that he had fallen down some stairs when he was intoxicated. Mental health, according to the testimony given by [the defendant,] his demeanor, testimony regarding his being told by doctors and providers at M.M.H.I. as well as Charter Lakeside that they could not help him there, I do agree with [the prosecutor's] assessment having spoken to many psychologist[s] over the years regarding my own clients, those facing death row and others, that [the defendant] most likely is a sociopath. And it's not his fault but that just appears to be what we're dealing with here, who we're dealing with. So mental health is not good in this situation.

Deterrence value to the accused as well as others . . . .

. . . .

We cannot send a message that this type of behavior is to be tolerated and that we can place people on diversion with that. Whether judicial diversion will serve the interest of the public as well as the accused, placing [the defendant] on diversion would allow him to have a gun permit and that is definitely not what we need in this situation. Weighing all of these factors, the Court is denying judicial diversion.

And as far as an appropriate sentence, [the defendant] is a Range I Offender. He does have a prior misdemeanor conviction.

As far as enhancement factors, I do find that he has a previous history of criminal convictions as I stated and criminal behavior involving the use of illegal drugs including marijuana and morphine.

. . . .

4

. . . And the victim in the aggravated assault was a law enforcement officer, and the victim was performing an official duty and the defendant knew or should have known the victim was such an officer, then that is also an enhancement factor. So as far as the aggravated assault against Officer Gibson which is Count 1, that will apply. So I think those – the one enhancement factor applies to all three. And then on Count 1, the second enhancement factor applies also. I do not believe consecutive sentencing applies in this case.

What I'm going to do on the two – well, on Count 1, aggravated assault, I sentence [the defendant] to serve four years as a Range I Offender in the Shelby County Correctional Center.

Count 2, aggravated assault, sentence [the defendant] to serve three years, six months. To be served concurrently.

And possession of a handgun while intoxicated, I sentence him to serve 11 months, 29 days at the workhouse. Also to be served concurrently.

All right. I need for [the defendant] to serve some jail time and that's what I'm trying to determine at this time. And a four year sentence on an aggravated assault, I'm not really sure exactly what he would serve. . . .

. . . .

Mr. Lewis, the problem is you've just gotten out of control. You've just gotten totally out of control. And I just have this real fear that you're going to do some very real harm. And I'm trying to determine the best way to try to prevent that. And I think you need a real reality check from prison.

It is clear that the court considered the sentencing law and principles. The record supports the court's determination that the defendant had a "prior history of serious alcohol abuse and drug abuse" and that his mental health was "not good." The court noted that, regarding his recent criminal episode, the female victim testified that the defendant was "behaving in a very bizarre way, grunting, [and] just looking at her." According to the court, his explanation of the events was "bizarre," and the court observed that, as the defendant was sitting in the courtroom, he had "his hands together and [was] just shaking." Given all of this, and the fact that, as the court further observed, "placing the defendant on [judicial] diversion would allow him to have a gun permit . . .

is definitely not what we need in this situation," the record easily supports the court's decision to deny judicial diversion. See State v. King, 432 S.W.3d 316, 327 (Tenn. 2014).

As for sentencing, the court determined the defendant was a Range I offender, had a previous history of criminal convictions, and had engaged in additional criminal behavior, the use of illegal drugs. An additional enhancement factor was that the defendant knew one of the victims was a law enforcement officer engaged in his official duties. Given all of this, we conclude that the court further did not abuse its discretion in sentencing the defendant and denying suspension of the sentences. See State v. Caudle, 388 S.W.3d 273, 278-79 (Tenn. 2012).

## **CONCLUSION**

We affirm the judgments of the trial court but remand for entry of a corrected judgment in Count 3 to reflect the defendant's conviction offense as possession of a handgun while intoxicated.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

6